Argued and submitted March 18, affirmed July 6, 1983

In the Matter of the Compensation of
Pamela Harrington, Claimant

and

In the Matter of the Complying Status of Frank
A. Leonetti, Jr. and Lorraine A. Leonetti,
dba Dip N Donut Restaurant, Employer.

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Petitioner,*

*v.*

HARRINGTON et al,
*Respondents.*

(81-03142; CA A26003)

665 P2d 1251

Darrell E. Bewley, Appellate Counsel, State Accident
Insurance Fund Corporation, Salem, argued the cause and
filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for Workers Compensation Department.

No appearance for respondents.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The issue in this workers' compensation case is whether the Leonettis, doing business as Dip N Donut Restaurant are noncomplying employers. The referee held that SAIF was the insurer and consequently that the Leonettis were complying employers. The Workers' Compensation Board adopted the referee's opinion.

The facts underlying the issue are not disputed. Frank Leonetti owned and operated a business as a sole proprietor known as Leonetti Food Service. Commencing June 15, 1979, that business entered into an agreement with SAIF for workers' compensation coverage. SAIF filed a guaranty contract, SAIF No. 398084, with the Workers' Compensation Department pursuant to ORS 656.419. Subsequently, the Leonettis jointly purchased the Dip N Donut Restaurant. In March, 1980, the Leonettis contacted SAIF regarding coverage for the restaurant. SAIF sent an application and advised them that the restaurant business could be added to the existing policy covering the food service business if the ownership was identical, *i.e.,* a sole proprietorship of Frank Leonetti. SAIF explained that, if the restaurant business was under different ownership, a new policy would have to be issued with additional fees.

There followed a series of telephone conferences between SAIF employes and the Leonettis or their employes regarding an appropriate application for coverage of the restaurant business. No proper application was received, and no fee was paid for coverage of the restaurant business. However, in late March, 1980, during the time that the discussions were going on, SAIF filed a guaranty contract with the Department to provide coverage for the Dip N Donut Restaurant. The contract listed the business as a partnership and included the same SAIF number as the guaranty contract for the food service business. SAIF asserted that the guaranty contract was filed due to a clerical error. The Department sent the Leonettis a letter notifying them that a guaranty contract for the restaurant had been filed and included a notice of compliance for the restaurant business.

On May 31, 1980, SAIF sent a notice of termination of coverage of the food service business to Frank Leonetti because the required renewal fee had not been paid. The notice

designated the employer as Leonetti Food Service and contained SAIF's number used in the previously filed guaranty contracts for both businesses. The notice contained no reference to the guaranty contract for the Dip N Donut Restaurant. The termination was to be effective on June 30, 1980. The Department received a copy of the termination notice and sent an additional notice to Frank Leonetti and indicated his obligation to provide coverage for the food service business.

An employe of the Dip N Donut Restaurant was injured on July 28, 1980. She filed a claim that was ultimately denied by SAIF on the ground that SAIF did not provide coverage for the restaurant employes. SAIF requested that the Department designate the restaurant as a noncomplying employer and process the claim under ORS 656.576 *et seq.* When the Department declined that request, SAIF requested a hearing on the status of the restaurant business and appeals the adverse ruling.

Although SAIF made a number of contentions at the hearing, it advances only one argument in this appeal. SAIF contends that it entered into a single contract of insurance to cover Frank Leonetti as a sole proprietor of Leonetti Food Service and the Dip N Donut Restaurant. The guaranty contracts separately filed were under the same policy number. It argues that the termination of that single policy prior to the employe's injury clearly shows there was no coverage for the claim. In essence, SAIF argues that it cancelled the policy number 398084 and not just the guaranty contract relating to the food service business.

ORS 656.419, relating to guaranty contracts, sets forth what they must contain including an agreement by the insurer to pay all compensation imposed on the employer designated. That statute provides in part:

"* * * * *

"(5)   Coverage of an employer under a guaranty contract continues until canceled or terminated as provided by ORS 656.423 or 656.427."

Pursuant to ORS 656.427, to terminate coverage an insurer must notify the employer and the Department.

SAIF filed two separate guaranty contracts; one covering Leonetti Food Service as a sole proprietorship and one

covering Dip N Donut Restaurant as a partnership. The termination notice submitted by SAIF in May, 1980, by its terms related only to the guaranty contract for Leonetti Food Service. That notice did not operate to cancel coverage under the other separate guaranty contract for the restaurant. SAIF presented testimony that a business under different ownership could not be included in another contract of insurance. The guaranty contracts were for separate businesses under separate ownerships. A termination notice which clearly indicated cancellation of coverage for a designated business does not operate to cancel the guaranty contract for the other distinct business. Although SAIF may have considered that its contracts with the two Leonetti businesses had been terminated, a guaranty contract remains in effect until terminated pursuant to statute. ORS 656.419 controls the liability of a carrier filing a guaranty contract for an employer, and liability is not terminated until that contract is cancelled pursuant to statute. If the contract of insurance between the carrier and the employer is terminated, the guaranty contract must also be terminated to relieve the carrier of responsibility to cover the risk. The guaranty contract covering Dip N Donut Restaurant was not terminated prior to the employe's injury.

Affirmed.